# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Gladys J.,
**Respondent Below, Petitioner**

**vs.)  No. 18-0146** (Cabell County 12-D-598)

Ronnie J.,
**Petitioner Below, Respondent**

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gladys J., by counsel Steven T. Cook, appeals the Circuit Court of Cabell County's January 18, 2018, order affirming the family court's August 7, 2017, order in this divorce action.[1] Respondent Ronnie J., by counsel John A. Proctor, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the family court erred in changing her permanent alimony award to a rehabilitative alimony award, in awarding only $8,000 in attorney's fees, in calculating the alimony award, and in failing to address premium fault alimony.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married on September 12, 1987.[2] In May of 2008, they separated, but respondent did not formally initiate divorce proceedings until June of 2012. The parties were granted a divorce based upon irreconcilable differences by order entered on April 15, 2014.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]During their marriage, the parties had three children; however, there are no issues on appeal that relate directly to the children or any custodial arrangement.

1

Thereafter, petitioner filed an appeal with this Court raising eighteen assignments of error. *See Gladys J. v. Ronnie J.*, No. 15-0191, 2016 WL 3165981 (W.Va. June 3, 2016)(memorandum decision) ("*Gladys J. I*"). For reasons identified in that decision, we summarily affirmed all but the following four assignments of error:

> 1) whether the circuit court erred in affirming the family court's determination that the wife was entitled to only $500 per month permanent spousal support; 2) whether the circuit court erred in affirming the family court's award of child support that was not based upon the husband's gross income at the time of the final hearing; 3) whether the circuit court erred in affirming the family court's award of the dependent children exemptions to the husband; and 4) whether the circuit court erred in affirming the family court's determination that the husband pay the wife's attorney's fees and costs in the amount of only $3,000.

*Id.* at *1.

With respect to the permanent spousal support award, we found that the family court failed to undertake a "real discussion concerning the husband's fault or comparison of the husband's fault with the wife's fault for purposes of determining an appropriate spousal support award." *Id.* at *4; *see also* W.Va. Code § 48-8-104.[3] We also found that the family court only paid "lip-service" to the factors set forth in West Virginia Code § 48-6-301, which are required to be considered in determining the amount of spousal support.[4] In sum, we found that "[t]he family court failed to properly consider all the statutory factors, failed to consider the husband's earnings of $145,250 per year, with the wife having no attributable income, and failed to consider the husband's fault." *Gladys J. I.* at *5. Accordingly, we found that "the family court erred in its award of permanent spousal support . . . in the amount of $500[,]" reversed the permanent spousal support award, and remanded the matter for further consideration. *Id.*

In addressing petitioner's assignment of error regarding the attorney's fees award, we found that the family court "failed to articulate any reasoning regarding the award." *Id.* at *6. This failure made it "impossible to ascertain from the order how the family court arrived at the amount of $3,000. . . ." *Id.* Consequently, we found that the family court abused its discretion in awarding attorney's fees, reversed the award, and remanded the matter for further proceedings,

---

[3]West Virginia Code § 48-8-104 directs a court to "consider and compare the fault or misconduct of either or both of the parties and the effect of the fault or misconduct as a contributing factor to the deterioration of the marital relationship" in "determining whether spousal support is to be awarded, or in determining the amount of spousal support, if any, to be awarded . . . ."

[4]At the relevant time period, West Virginia Code § 48-6-301(b) (2001) set forth twenty factors the circuit court was to consider "in determining the amount of spousal support, child support or separate maintenance, if any, to be ordered . . . ."

including an analysis of the factors set forth in *Banker v. Banker*, 196 W.Va. 535, 474 S.E.2d 465 (1996).[5]

On August 7, 2017, the family court entered its final order setting forth its rulings on the issues we directed be addressed on remand. The family court addressed all of the factors enumerated in West Virginia Code § 48-6-301 and considered and compared the fault or misconduct of the parties in contributing to the deterioration of the marriage, as required by West Virginia Code § 48-8-104. After conducting its analysis, the family court awarded petitioner rehabilitative alimony in the amount of $2,700 per month for seven years.[6]

The family court also addressed the factors we outlined in *Banker* to be considered in awarding attorney's fees in divorce actions.[7] Following that analysis, the family court directed that respondent pay $8,000 to petitioner for her attorney's fees and costs.

Petitioner appealed the August 7, 2017, family court order to the circuit court. She argued that the family court erred in changing her permanent alimony award to a rehabilitative alimony award, in awarding only $8,000 in attorney's fees, in failing to adopt her proposed findings regarding the alimony factors enumerated in West Virginia Code § 48-6-301, and in failing to address premium fault alimony. By order entered on January 18, 2018, the circuit court denied petitioner's appeal and affirmed the family court's order. It is from this order that petitioner appeals.

---

[5]Our holdings on the remaining issues addressed in *Gladys J. I* are not at issue in the current appeal.

[6]"The court may award rehabilitative spousal support for a limited period of time to allow the recipient spouse, through reasonable efforts, to become gainfully employed." W.Va. Code § 48-8-105(a). Such awards are appropriate "when the dependent spouse evidences a potential for self-support that could be developed through rehabilitation, training or academic study." *Id.*

[7]Specifically,

> [i]n divorce actions, an award of attorney's fees rests initially within the sound discretion of the family [court] and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family [court] should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

*Banker*, 196 W.Va. at 538, 474 S.E.2d at 468, Syl. Pt. 4.

On appeal to this Court, petitioner asserts the same assignments of error she raised before the circuit court. In reviewing the circuit court's order, we apply the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the circuit court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

First, petitioner claims that she was entitled to a permanent alimony award rather than rehabilitative spousal support. In support, she asserts that this Court, in *Gladys J. I*, did not direct the family court to remove the permanent award, and she claims that the conversion to a rehabilitative award "appears retaliatory." Petitioner argues that the family court did not have the authority to change the nature of the spousal support, and that the remand order in *Gladys J. I* permitted only a reevaluation of the *amount* of a permanent alimony award.

We begin by reiterating our finding in *Gladys J. I* that the "family court erred in its award of [a] permanent spousal support award in the amount of $500" due to its failure to "properly consider all the statutory factors . . . and . . . the husband's fault." 2016 WL 3165981 at *5. We, therefore, reversed the permanent spousal support award and remanded the case "for further consideration on this issue." *Id.* In line with this directive, the family court further considered the issue, made findings on each of the twenty factors set forth in West Virginia Code § 48-6-301, and considered respondent's fault. *Gladys J. I* did not require the family court to reach a certain decision with respect to either the amount or type of spousal support award. Rather, the decision required that a more thorough analysis be conducted on the issue of spousal support. In complying with this directive, the family court determined that a permanent spousal support award was no longer warranted and that a rehabilitative spousal support award was appropriate. The circuit court determined that it "was always a possibility" that "[c]ompletion of the full analysis [would] yield[] a change in the spousal support award." We find no error in the circuit court's conclusion on this issue.

Petitioner next takes issue with the lower courts' $8,000 attorney's fee award. Petitioner asserts that her attorney's fees total in excess of $40,000. Further, she argues that in light of respondent's misconduct, which included an affair, the disparity in the parties' income, and the fact that petitioner "prevail[ed] on nearly every issue" below, an award of $40,000 was necessary.

"In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family [court] and should not be disturbed on appeal absent an abuse of discretion." *Banker*, 196 W.Va. at 538, 474 S.E.2d at 468, Syl. Pt. 4, in part. We find no abuse of discretion here. As with the prior asserted error, we remanded the matter following *Gladys J. I* due to the family court's failure "to articulate any reasoning regarding the [attorney's fee] award" and our consequent inability to "ascertain from the order how the family court arrived at" that award. 2016 WL 3165981 at *6. In accord with our instruction to consider the factors set forth in

4

*Banker*, the family court made findings with respect to each factor. Indeed, petitioner does not argue that the family court's analysis was inadequate; rather, she disagrees with the outcome of that analysis. Additionally, petitioner's argument on appeal disregards the finding that "she was awarded $57,714 in the marital [retirement] account[,] . . . . which could assist her in paying a portion of her own attorney's fee." Because the family court conducted the analysis directed in *Gladys J. I*, we find no abuse of discretion in the amount of attorney's fees awarded to petitioner.

Petitioner's third assignment of error concerns the family court's failure to adopt her proposed findings of fact regarding the alimony factors set forth in West Virginia Code § 48-6-301. Petitioner also argues that, even if this Court finds no error in the findings adopted, we should, nonetheless, award permanent spousal support in the amount of $3,500 per month.

Petitioner cites no law requiring a family court to adopt in whole or verbatim a party's proposed findings. Moreover, petitioner fails to offer any analysis of how her proposed findings materially differ from those made by the family court, or how any difference affected her; rather, she merely lists the findings that she asserts the lower court should have made.[8] Due to this failure, and because the family court's order is sufficiently detailed to show it adequately considered each factor in West Virginia Code § 48-6-301, we find no error.

Finally, petitioner claims that the family court, contrary to our direction in *Gladys J. I*, failed to adequately address premium fault alimony. Petitioner also states that "the family court found marital fault on . . . [respondent's part] and the same should have been labeled premium fault based spousal support."

In earlier finding that the lower courts failed to adequately address respondent's fault or compare his fault with petitioner's fault, we noted that West Virginia Code § 48-8-104 directs a court to consider such in determining whether to award spousal support and, if so, in determining the amount. *Gladys J. I*, 2016 WL 3165981 at *4. We also noted that *Hastings v. Hastings*, 201 W.Va. 354, 497 S.E.2d 203 (1997),

> recognized that marital fault was a statutory factor to be examined by the court in determining spousal support . . . as follows: . . . .
>
> In appropriate circumstances, an enhancement of an award of maintenance/alimony based on the degree of fault is justified. Enhancement of a maintenance/alimony award by a fault premium may be awarded when additional support is required to reimburse the injured spouse for expenses directly related to the fault or to assure that the injured spouse continues to have the standard of living enjoyed during the marriage. A fault premium may also be applied to

---

[8]Petitioner failed to properly brief certain assignments of error in *Gladys J. I*., 2016 WL 3165981 at *7 n.1. Here, too, we remind petitioner "that the record is vitally important to a successful appeal," and "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *Id.* (internal quotations and citations omitted).

discourage the fault or behavior that contributed to the dissolution of the marriage. In determining an award of maintenance/alimony enhanced by a fault premium, the circuit court must consider the concrete financial realities of the parties.

*Id.* (citing *Hastings*, 201 W.Va. at 359 n.9, 497 S.E.2d at 208 n.9). Thus, on remand, the family court was instructed to consider the husband's fault in determining an appropriate spousal support award. Upon review of the family court's order, we find that the family court did just that: it detailed respondent's affair; his purported withdrawal of marital funds to save the marital home from foreclosure and, instead, subsequent gambling loss of at least a portion of those funds; his purchase of another home with his lover; and the ultimate loss of the marital home to foreclosure, leaving petitioner and the parties' children "scrambling to find a place to live." We did not direct that a fault premium be awarded to petitioner in *Gladys J. I*. Rather, we directed that the family court consider respondent's guilt in determining an appropriate spousal support award, which it did. Accordingly, we find no error.

For the foregoing reasons, the circuit court's January 18, 2018, order denying petitioner's petition for appeal is hereby affirmed.

Affirmed.

**ISSUED:** February 15, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison